UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICHARD J. GONZAGOWSKI,

           Plaintiff,

vs.                               Case No. _____

UNITED STATES OF AMERICA
and THE DIAMOND GROUP a/k/a
THE J. DIAMOND GROUP, INC.,

           Defendants.

COMPLAINT FOR DAMAGES
UNDER THE FEDERAL TORT CLAIMS ACT
FOR ORDINARY COMPENSATORY DAMAGES

Plaintiff, RICHARD J. GONZAGOWSKI ("Plaintiff"), by counsel, for his Complaint against the Defendants, UNITED STATES OF AMERICA ("USA") through its agency, SOCIAL SECURITY ADMINISTRATION ("SSA"), and THE DIAMOND GROUP a/k/a THE J. DIAMOND GROUP, INC. (collectively "TDG"), states as follows:

INTRODUCTION

1) This is an action against the Defendants SSA and TDG under the Federal Tort Claims Act, (28 U.S.C. §2671 *et seq.*) and 28 U.S.C. §1346(b)(1), for negligence in connection with injuries Plaintiff sustained at the Social Security Administration office located at 500 Lead Avenue SW in Albuquerque, Bernalillo County, New Mexico on August 23, 2016.

2) The claims herein are brought against SSA pursuant to the Federal Tort Claims Act (28 U.S.C. §2671 *et seq.*) and 28 U.S.C. §1346(b)(1), for money damages as compensation for personal injuries caused by the SSA's negligence.

3) Plaintiff has fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act. *Standard Form 95 attached as Exhibit 1*.

4) This suit has been timely filed in that Plaintiff timely served notice of his claim on SSA and the Office of the United States Attorney less than two years after the incident forming the basis of this suit. The Social Security Administration provided the Department of Homeland Security with a copy of Plaintiff's notice of claim.

## PARTIES, JURISDICTION AND VENUE

5) Plaintiff is, and at all times relevant hereto was, a resident of Bernalillo County, New Mexico.

6) Defendant SSA is an is an agency of the United States federal government, with headquarters located in Woodlawn, Baltimore County, Maryland and offices across the United States, including offices located in Albuquerque, New Mexico.

7) Defendant TDG is a Texas corporation which provides security services to the federal government, with headquarters located in Dallas, Texas, and offices across the United States, including offices located in Albuquerque, New Mexico.

8) Jurisdiction is proper under 28 U.S.C. §1346(b)(1).

9) Venue is proper under 28 U.S.C. §1402(b) in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the District of New Mexico.

## FACTUAL ALLEGATIONS

10) On or about August 23, 2016, at approximately 12:00 p.m., Plaintiff entered the SSA office located at 500 Lead Avenue SW in Albuquerque, Bernalillo County, New Mexico. He was told he would be waiting for one (1) hour, but he was not allowed to sit in a seat or use his phone. TDG security guards employed by the SSA repeatedly told Plaintiff to move, and one of them shoved him to make him move. Plaintiff asked if there was a problem, and suddenly all four TDG

security guards pushed him up against a wall, twisting his arms and placing handcuffs on his wrists. TDG Officer Carrillo cited Plaintiff with Violation Notice No. 6521039 for "Failure to comply with verbal directions."

11) As a result of this attack, Plaintiff suffered severe bodily harm and sustained serious injuries. He had to be taken by ambulance to the Presbyterian Emergency Room on 1100 Central SE, Albuquerque, Bernalillo County, New Mexico. An MRI of his cervical spine and brain were performed, along with a CT scan of his head and X-rays of his chest and right shoulder. It was found that his right rotator cuff was torn during the aforementioned attack, and he has been advised that he needs a neck fusion.

12) TDG security guards were negligent in their actions toward Plaintiff, and SSA was negligent in hiring the security guards.

13) As a result of Defendants' negligence, Plaintiff endured significant emotional and physical distress, pain and trauma.

## CAUSES OF ACTION
### COUNT I - NEGLIGENCE

14) Plaintiff re-alleges and incorporates each and every allegation above as if fully set forth herein.

15) Defendant SSA had a duty to keep the public, including Plaintiff, safe while patronizing its facility, and TDG had a duty to provide security guards who exercised the standard and skill required of their position.

16) At all times relevant to this Complaint, SSA had a duty to hire, supervise and train competent staff in order to meet its standards of safety for the public, including Plaintiff. SSA knew, or should have known, that the security guards employed by TDG did not demonstrate the standard and degree of skill required of competent security guards.

17) SSA breached its duty to Plaintiff by employing TDG security guards and allowing them to seriously and violently injure Plaintiff.

18) As a direct and proximate result of Defendants' negligence, Plaintiff sustained serious personal injuries in and about his body; has incurred medical expenses, and other damages, and will continue to incur medical expenses, and other damages in the future; he was forced to endure pain, suffering, mental and emotional anguish; and he has suffered a loss of enjoyment of life.

19) Defendants are liable to Plaintiff.

## COUNT II – VICARIOUS LIABILITY, RESPONDEAT SUPERIOR, OSTENSIBLE AGENCY AND/OR AGENCY

20) Plaintiff re-alleges and incorporates each and every allegation above as if fully set forth herein.

21) At all times relevant to this Complaint, TDG security guards acted within the capacity and scope of employment for SSA.

22) TDG negligently and intentionally, willfully, wantonly and recklessly, proximately caused personal injury to Plaintiff, including both acts of omission and acts of commission.

23) As a direct and proximate result of Defendants' negligence, Plaintiff sustained serious personal injuries in and about his body; has incurred medical expenses and other damages; he was forced to endure pain, suffering, mental and emotional anguish; and he has suffered a loss of enjoyment of life.

24) Defendants are liable pursuant to 28 U.S.C. 1346(b)(1).

## DEMAND FOR JURY

In accordance with Federal Rules of Civil Procedure, Rule 38, Plaintiff hereby demands a jury of his peers.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully seeks all damages to which he may be entitled, and prays that judgment be entered in his favor and against Defendants, as follows:

1) Medical expenses, pain and suffering, future impairment, and loss of enjoyment of life totaling $2,500,000.00;

2) Punitive damages against TDG in an amount to be proven and presently believed to exceed $5,000,000.00; and

3) Costs and incurred in this action, together with such further and additional relief at law or in equity that this Court may deem proper.

THE ROEHL LAW FIRM, P.C.

/s/ Jerrald J. Roehl
Jerrald J. Roehl and Katherine Channing Roehl
*Attorneys for Plaintiff*
Third Central Plaza, Suite 2500 East
300 Central Avenue SW
Albuquerque, NM 87102
(505) 242-6900; (505) 242-0530 (fax)
jerry@roehl.com; kc@roehl.com